**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

-------------------------------------------------------------

In Re:                                                              Chapter 7

INTEGRITY GRAPHICS, INC.                                            Case No. 17-21513

Debtor

-------------------------------------------------------------

BONNIE MANGAN, TRUSTEE                                              Adv. Proc. No. 19-02027

      Plaintiff
      v.

PEOPLE'S UNITED BANK, N.A.
GHP MEDIA INC. and JOSEPH LAVALLA

      Defendants

-------------------------------------------------------------

## <u>SUPPLEMENTAL MEMORANDUM OF LAW BY PEOPLE'S UNITED BANK IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to the proceedings held by video conference on July 9, 2020, the Defendant People's United Bank, N.A. ("PUB") hereby submits this Supplemental Memorandum of Law in support of the Motion to Dismiss [ECF 19]. This Supplemental Memorandum addresses the points and authorities first raised by PUB's counsel during the July 9, 2020 proceedings. This Supplemental Memorandum is submitted in support of, and on behalf of, the Defendant PUB only. The other Defendants have not joined in this Supplemental Memorandum and, as stated on the record during the July 9 proceedings, have reserved all of their rights with respect to any matters contained herein.[1]

---

[1] The Motion to Dismiss is a joint motion by all Defendants. The Memorandum of Law filed by all of the Defendants in support of the Motion to Dismiss is docketed as ECF 20.

## SUMMARY OF ARGUMENT

Recovery from PUB will provide no benefit to the estate. Any amounts recovered by the Trustee from PUB would give rise to a secured claim in PUB's favor and would have to be paid back to PUB. Therefore this action is futile as to PUB. Absent any benefit to the estate, the Trustee has no cause of action for recovery against PUB under Bankruptcy Code Section 550(a) and the case law cited below.

## ARGUMENT

The following allegations in the Complaint are relevant to this argument. Prior to the involuntary petition initiating this case, PUB conducted a secured party sale of the Debtor's assets to the Defendant GHP Media Inc. for $1,300,000. The principal portion of PUB's debt was $1,670,954.23. PUB was left with an unpaid deficiency of at least $370,954.23. [2]

The consideration for the transaction was as follows: PUB received payment of $1,300,000 from the Defendant GHP in partial satisfaction of PUB's secured claim. The Debtor received the benefit of $1,300,000 in reduction of its secured indebtedness. The Defendant Lavalla received a release of his personal guaranty from PUB. The Defendant GHP acquired the Debtor's assets. The Complaint does not assign a value to the assets that were sold, alleging only that the value of the assets exceeded PUB's debt. In other words, the Trustee alleges that PUB was fully secured. The Complaint does not challenge or question the validity, amount or priority of PUB's secured claim.

---

[2] PUB did not release its deficiency claim against the Debtor in connection with the secured party sale. However, PUB did not file a proof of claim for its deficiency and is not presently a creditor of this estate. PUB would have the right to file a secured claim for any amounts recovered by the Trustee from PUB pursuant to Bankruptcy Code Section 550.

Under Code Section 550(a), the Trustee may recover avoidable transfers, but only to the extent they benefit the estate and its creditors. *See, e.g., In re P.A. Bergner & Co.*, 140 F.3d 1111, 1118 (7th Cir. 1998), *cert. denied*, 525 U.S. 964, 119 S. Ct. 409, 142 L. Ed.2d 332 (1998).

Any monies recovered by the Trustee from PUB will give rise to a secured claim in PUB's favor under Code Section 502(h). "[T]he secured or unsecured nature of the claim will be determined the same as if such claim had arisen before the date of the filing of the petition." *In re Bankvest Capital Corp.*, 375 F.3d 51, 67 (1st Cir. 2004). The subsequent sale of PUB's collateral has no effect on the secured nature of the claim. *Id*. at 69.

Thus, even if the payment to PUB were avoidable, the Trustee could not recover from PUB unless the Trustee could show a benefit to the estate. Here, any recovery from PUB will result in a secured claim in PUB's favor which would attach to the funds recovered. They would be paid back to PUB dollar for dollar as part of any distribution in this Chapter 7 case. As stated in *In re Three Partners, Inc.*, 199 B.R. 230, 237 (Bankr. D. Mass. 1995),

> [Avoidability is not], however, the end of the inquiry relative to these payments made from the proceeds of prepetition collateral. It is necessary to determine where the payments would go if they were avoided . . . . If the Bank enjoyed the first position on the Debtor's prepetition collateral, there would be no reason to compel turnover of these payments. If the payments would be returned ultimately to the Bank upon disbursement of the assets of the estate, no benefit to the estate would accrue by their avoidance.

The allegations in the Trustee's Complaint, read in the light most favorable to the Trustee, fail to show that recovery from PUB would provide any benefit to the estate. Thus, the Complaint, in its entirety, fails to state a cause of action against PUB and should be dismissed.

3

PEOPLES UNITED BANK, N.A.

Dated:  July 17, 2020        By: ___/s/ Scott D. Rosen_____

                             Scott D. Rosen
                             COHN BIRNBAUM & SHEA P.C.
                             100 Pearl Street, 12th Floor
                             Hartford, CT 06103
                             Tel. 860-493-2200
                             Fax. 860-727-0361
                             Email: srosen@cbshealaw.com
                             Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2020 a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the court's CM/ECF System.

 /s/ Scott D. Rosen
Scott D. Rosen

201999v1