**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INTEGRITY GRAPHICS, INC., | : | Bankruptcy Case No. 17-21513(JJT) |
| | : | |
|    Debtor. | : | |
| _____ | : | |
| | : | |
| BONNIE MANGAN, TRUSTEE, | : | |
| | : | |
|    Plaintiff, | : | Adversary Proceeding No. 19-2027 |
| | : | |
| V. | : | |
| | : | |
| PEOPLE'S UNITED BANK, N.A., et al., | : | |
| | : | |
|    Defendants. | : | |

**STATEMENT IN PARTIAL SUPPORT OF SUPPLEMENTAL MEMORANDUM OF LAW BY PEOPLE'S UNITED BANK, N.A., IN SUPPORT OF MOTION TO DISMISS**

      GHP Media, Inc., by and through their undersigned attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC, and Joseph LaValla, by and through his attorneys, Reid and Riege, P.C., hereby file this statement in partial support of *the Supplemental Memorandum of People's United Bank, N.A., ("PUB") in Support of Motion to Dismiss* [ECF No. 53] (the "Supplemental Memorandum").

      PUB argues in its Supplemental Memorandum that Bonnie Mangan, Trustee (the "Trustee"), may recover an avoidable transfer only if such a recovery is beneficial to the estate. PUB argues that a recovery of the assets transferred will result in the estate recovering the assets subject to PUB's secured claim, citing *In re Bankvest Capital Corp.,* 375 F.3d 51, 67 (1st Cir. 2004). PUB argues that the presence of its secured claim will defeat any benefit to the estate. GHP and Mr. LaValla are aware of no contrary authority and agree. The lack of any benefit to

the estate requires a dismissal of the avoidance claims against all of the Defendants to this adversary proceeding (to the extent that the transferred assets were subject to PUB's lien). If the avoidance of the transfers does not benefit the estate, then the Trustee must cease pursuing the avoidance actions *in toto*.

Moreover, if the Trustee cannot recover from PUB, which GHP and LaValla regard as the initial transferee, then she cannot recover from GHP or LaValla, its "immediate or mediate" transferees, at best. The Trustee has failed to allege in her complaint which of the Defendants is an initial transferee and which are "immediate or mediate transferees" as those terms are used in 11 U.S.C. § 550(a)(1) and (2) *See Complaint,* at ¶¶ 48, 56, 63, 69 and prayer for relief. This is a further deficiency in the Trustee's complaint as drafted.

The essential flaw in the Trustee's complaint is that she fails to plausibly allege that the amount paid for the assets was less than their value, resulting in a complaint that does not plausibly allege any benefit to the estate. The Trustee may recover only the assets or their value. *See* 11 U.S.C. § 550 ("to the extent that a transfer is avoided under section 544, . . . [or] 548, of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property." ). If the value of the assets will be insufficient to pay PUB's secured claim and/or GHP's or LaValla's potential lien(s) under 11 U.S.C. § 548(c), then this adversary is both pointless and meritless. The Defendants have already fully briefed how the Trustee has failed to plausibly allege that the amount paid for the assets was less than their reasonable value in the Defendants' initial memorandum in support of their motion to

dismiss.[1] *See Memorandum in Support of Motion to Dismiss* [ECF No. 20], at pp. 7 – 10. It is for this reason that the Trustee's complaint must be dismissed.

WHEREFORE, GHP Media, Inc. and Joseph LaValla file this statement in partial support of PUB's Supplemental Memorandum.

GHP MEDIA, INC.

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com

And

JOSEPH LAVALLA

 By /s/ Jon P. Newton
Jon P. Newton  (ct03376)
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
(860) 278-1150
(860) 240-1002 Facsimile
jnewton@rrlawpc.com

---

[1] If the Trustee plausibly alleged that the assets were worth more than the purchase price and/or the amount of PUB's lien, she could conceivably recover the difference between their value and the amount paid or the amount of PUB's lien.  But she did not do so.

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 23, 2020 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ Timothy D. Miltenberger
                                                  Timothy D. Miltenberger

25521.001/732420.1