**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 17-21513 (JJT) |
| INTEGRITY GRAPHICS, INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| INTEGRITY GRAPHICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-02027 |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLE'S UNITED BANK, N.A., | ) | |
| GHP MEDIA INC. AND JOSEPH LAVALLA, | ) | |
| | ) | |
| Defendants. | ) | |

**TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUMS OF LAW**

Bonnie C. Mangan, Chapter 7 Trustee for Integrity Graphics, Inc. (the "Trustee"), hereby submits this supplemental memorandum of law in response to the Supplemental Memorandum of Law by Peoples United Bank in Support of Motion to Dismiss, filed by Defendant, People's United Bank, N.A. ("Peoples") (Doc. 53), and the Statement in Partial Support of Supplemental Memorandum of Law by People's United Bank, N.A., in Support Of Motion To Dismiss, filed by Defendants, GHP Media Inc. ("GHP") and Joseph Lavalla ("LaValla").

**1. Peoples Will Not Be Entitled to a 502(h) Claim for All of the Amounts that the Trustee Recovers from Peoples.**

In its supplemental memorandum, Peoples argues that this action will provide no benefit to the Estate because Peoples would allegedly be entitled to a secured claim under § 502(h) for all amounts recovered by the Trustee. This, however, is incorrect. While Peoples may be

entiteld to a 502(h) claim and that claim may be entitled to secured status, the amount of Peoples' 502(h) claim would not be equal to the amounts the Trustee recovers from Peoples. Accordingly, the Estate will benefit from any amounts recovered that exceed Peoples' 502(h) claim.

The flaw in Peoples argument is simple. "The amount of the claim allowable under this section [§ 502(h)] is not the value of the property recovered but rather the value of the consideration paid by the transferee for the property recovered." Gowan v. HSBC Mortgage Corp, No. 10-5456 SMB, 2012 WL 4867376, at *3 (Bankr. S.D.N.Y. Oct. 12, 2012) (quoting 4 Alan Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 502.09[2], at 502–72 (16th ed. 2012)) (alterations in original).

"In virtually all of the § 502 (h) cases under the Bankruptcy Code, the transferee of a fraudulent conveyance has been awarded a claim for the consideration it paid for the transferred property." In re Tronox Inc., 503 B.R. 239, 331 (Bankr. S.D.N.Y. 2013). This is because "§ 502(h) is predicated on the principle that when a fraudulent transfer is avoided, the parties are restored to their previous positions." In re Walldesign, Inc., No. BAP CC-17-1290-KUFS, 2018 WL 3653877, at *5 (B.A.P. 9th Cir. Aug. 2, 2018), aff'd, 772 F. App'x 454 (9th Cir. 2019) (internal quotation marks omitted). By its operation, "§ 502(h) does not create a "claim arising from the recovery of property." In re Tronox Inc., 503 B.R. 239, 330 (Bankr. S.D.N.Y. 2013). Rather, § 502(h) merely provides that any claim that arises as a result of such recovery is "a prepetition claim entitled to a share of recovery from the estate on the same basis as all other prepetition claims." Id.

As such, "where the transferee gave consideration for the avoided [fraudulent] transfer. . . the return of the transfer entitles the transferee to the return of the consideration it paid, and the Bankruptcy Code gives the transferee an allowable unsecured claim in the amount of that

consideration." Gowan, 2012 WL 4867376, at *3.  "If the transferee did not give any consideration for the fraudulent transfer, there is nothing to reinstate, and the return of the fraudulently transferred funds does not give rise to an allowable claim." Id.  "Otherwise, a thief forced to return stolen property to the trustee would have a claim against the estate for the value of what he stole." Gowan, 2012 WL 4867376, at *3.

Peoples misplaces its reliance on In Re Bankvest Capital Corp., 375 F.3d 51, 67 (1st Cir. 2004).  In that case, the plan liquidating agent sought to avoid certain postpetition transfers made to a secured lender in repayment of the debtor's prepetition loan obligations.  Id.  **The value of the assets transfered did not exceed the debt due to the secured lender.**  The Court held that, upon avoidance of the postpetition transfers that paid down the debtor's loan, the secured lender would be entitled, under 502(h), to the reinstatement of its prepetition secured claim for repayment of its loan.  Id. at 69 (holding that "the trustee's recovery of the transfer restores the original claim, with the transferee's status becoming that of the holder of a prepetition claim existing at the time of the filing of the debtor's petition.").  As a result, the court determined that the avoidance action was pointless because the secured lender's "502(h) claim would have the status of a prepetition secured claim, entitling it to full recovery" of the amounts avoided.  Id. at 70-71 (emphasis added).

Contrary to the circumstances in Bankvest, the instant matter does not involve the avoidance of a post-petition transfer on account of a pre-petition debt.  Similarly, it does not involve an alleged preferential transfer.  In both those circumstances, the amount of an avoidance defendant's 502(h) claim would be equal to the amount recovered by the Trustee and Courts have held that recovery would not benefit the bankruptcy estate.  See In re Tronox Inc., 503 B.R. 239, 330 (Bankr. S.D.N.Y. 2013).  ("By definition, a preference involves a transfer on account of

3

an antecedent debt, and there is no question as to the reinstatement of the debt if there is a recovery by the trustee or debtor.").

In the instant matter, the amount of People's secured claim under 502(h) will not necessarily be in parity with the amount the Trustee is entitled to recover. As such, there will be a benefit to the bankruptcy estate so long as the Trustee proves, at trial, that the value of the assets transferred was greater than the amount of Peoples potential 502(h) claim. At best, Peoples' will be entitled, under 502(h), to a secured claim necessary to restore it to its pre-petition position (i.e. the return of the consideration it gave as part of the transfer). The most this could be is the amount of Peoples' prepetition debt, which is alleged to be $1,670,954.23.[1] On the other hand, the Trustee has alleged that the value of the assets transferred were worth more than this amount and has attached to her complaint documents showing that the value of such assets was plausibly more than $ 2,576,175.68. As such, it would be improper for the Court to dismiss the Trustee's complaint based on Peoples' supplemental arguments contained in Peoples Supplemental Memorandum of Law.

**2. Peoples, GHP, and LaValla are jointly and severally liable under § 550(a)(1).**

In their supplemental brief, GHP and LaValla argue that they are "immediate or mediate" transferees and that the Trustee cannot recover from them unless it can recover from Peoples. To the contrary, however, GHP was the initial transferee of the secured party sale and Peoples, GHP, and LaValla are all entities for whose benefit such transfer was made. See 11 U.S.C. § 550(a)(1). As such, the Trustee can is entitled to seek a "single satisfaction" from all three parties, jointly and severally. See 11 U.S.C. § 550(d).

---

[1] As Peoples acknowledges in its supplemental memorandum, the consideration it gave for the transaction was the partial satisfaction of its secured claim in the amount of $1,300,000. In fairness, Peoples also released the security for its remaining debt of $370,954.23. The value of such security may be properly included in Peoples' 502(h) claim.

While GHP and LaValla may regard themselves as immediate or mediate transferees, that position is inconsistent with both the allegations of the Complaint and the relevant law. The Trustee has specifically alleged that "[t]he Fraudulent Transfers were made **for the benefit** of Peoples United, GHP Media, and/or Lavalla." (Id. at ¶ 45 (emphasis added)).

GHP appears to be taking the position that the Debtor's assets were first transferred to Peoples before being transferred to GHP. At this time, there is no allegation or evidence before the Court to support this position. Although the Trustee has alleged that Peoples' caused the Debtor's assets to be transferred **to GHP** as part of the secured party sale, the Trustee has not alleged that Peoples took title to the assets before transferring them to GHP. See (Complaint at ¶ 19, 21, 28). In fact, the Secured Party Bill of Sale, which is attached to the Complaint as Exhibit B, expressly states that the sale occurred under § 9-610 and § 9-617 of the UCC. In turn, § 9-617 provides that "[a] secured party's disposition of collateral after default . . . **[t]ransfers to a transferee** for value **all of the debtor's rights** in the collateral . . ." Conn. Gen. Stat. § 42a-9-617 (emphasis added). Moreover, the Secured Party Bill of Sale describes the Purchased Assets as being "all of the right, title and interest of [the Debtor]." (Complaint, Ex. B).

Accordingly, GHP is an initial transferee from whom the Trustee can recover without first recovering from any other party.

Dated at Milford, Connecticut on this 24th day of July, 2020.

        BONNIE C. MANGAN,
        CHAPTER 7 TRUSTEE OF
        INTEGRITY GRAPHICS, INC.

By: /s/ David C. Shufrin
    David C. Shufrin, Esq. [ct29230]
    HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
    147 North Broad Street
    Milford, CT 06460
    Tel: 203-877-8000/Fax: 203-878-9800
    DShufrin@hssklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date: July 24, 2020

        /s/ David C. Shufrin
        David C. Shufrin