**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INTEGRITY GRAPHICS, INC., | : | Bankruptcy Case No. 17-21513 (JJT) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| BONNIE MANGAN, TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No. 19-2027 |
| | : | |
| V. | : | |
| | : | RE ECF Nos. 59, 100 |
| PEOPLE'S UNITED BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

**INITIAL PRETRIAL ORDER**

Pursuant to the Order of the Court (ECF No. 97), the Parties submitted their joint Rule 26(f) Report (ECF No. 100), which the Court hereby APPROVES as the Initial Pretrial Order.

Pursuant to Fed. R. Civ. P. 26(f), and D. Conn. L. Civ. R. 26(f), made applicable herein by L. Bankr. R. 1001-1(b) and 7026-1, a conference was held on June 30, 2021. The participants were:

    For Plaintiff:    David Shufrin, Esq.

    For Defendants:    Scott Rosen, Esq. (People's United Bank, N.A.)
    Jon Newton, Esq. (Joseph Lavalla)
    Timothy Miltenberger, Esq. (GHP Media, Inc.)

**I.**    **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.     Subject Matter Jurisdiction

The parties agree that this Court has jurisdiction over the claims asserted in the First Amended Complaint pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. §§ 157(a), (b)(1), and that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### B.     Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Case Management Plan

### A.     Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If the Court determines that a conference is necessary, the parties prefer a remote conference.

### B.     Early Settlement Conference.

The parties certify that they discussed settlement options as part of the planning conference, but do not believe settlement is likely at this time. The parties do not request an early settlement conference. The parties do not currently request a referral for alternative dispute resolution.

### C.     Court- Required Deadlines and Report.

1. The Parties shall exchange initial disclosures, pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(a), on or before July 16, 2021.

2. All defendants have filed answers to the Plaintiff's first amended complaint.

3. The Parties will not seek to join additional parties.

4. The Parties may amend their pleadings prior to May 27, 2022, *provided however,* that all parties reserve their rights under Fed. R. Civ. P. 15 and all other applicable law to contest any motion to amend the pleadings, including objections on the basis of timeliness.

5. Discovery will commence immediately and will not be conducted in phases.

6. Fact discovery shall be concluded on or before February 15, 2022.

7. The parties will not request permission to serve more than 25 interrogatories.

8. Any party that intends to call an expert at trial in connection with any claim or defense for which that party has the burden of proof shall serve opposing counsel with reports from retained experts pursuant to Fed R. Civ. P. 26(a)(2) by March 1, 2022. Depositions of such experts will be completed by May 6, 2022.

9. Any party that intends to call an expert at trial to rebut any opinions from any expert(s) disclosed in accordance with Paragraph 8 above shall serve opposing counsel with reports from retained experts pursuant to Fed R. Civ. P. 26(a)(2) by April 1, 2022. Depositions of any such experts will be completed by May 6, 2022.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 13, 2022.

11. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall

be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information ("ESI"):

    a.    To the extent the parties identify relevant custodians of ESI, the parties will work together to effectively search the ESI through keyword lists and other filter criteria (date ranges, file types, etc.) that they believe will effectively cull the collected ESI to create review sets of potentially-responsive files. The parties agree that the filter criteria can be narrowed or broadened to improve the effectiveness based on preliminary hit results.

    b.    ESI will be produced electronically in searchable PDF format, unless either party requests and reasonably requires certain ESI in "native" format. The parties will work together cooperatively in attempt to resolve any necessary requests for "native" format ESI.

    c.    The parties anticipate that ediscovery in this case will be limited to traditional active-file ediscovery, which involves collecting and processing active electronic documents located on desktops, laptops, servers, and local digital storage devices. The parties will not be obligated to conduct forensic preservation and analysis of digital storage devices, or restoration of archived repositories such as backup tapes, unless a specific showing is made of need in limited circumstances.

      d.      Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties intend to negotiate an agreement governing further protocols in which electronically stored information will be disclosed. Discovery of electronically stored information will be addressed in the parties' respective discovery requests and responses thereto.

12.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to handle such issues consistent with Fed. R. Evid. 502(b).

### D. **Dispositive Motions**

Dispositive motions will be filed by May 27, 2022.

### E. **Joint Trial Memorandum**

On or before (a) July 1, 2022, or (b) if one or more motion(s) for summary judgment has been filed, sixty (60) days after the Court's ruling on such motion(s) the parties shall file a joint pretrial statement. The joint pretrial statement shall be signed by all counsel. It is the obligation of the Plaintiff's counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the Court. Plaintiff's counsel shall submit a proposed joint pretrial statement to Defendant's counsel not less than seven days prior to the deadline for its submission. Counsel are expected to make a diligent effort to prepare a proposed pretrial statement that will summarize all of the material issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall govern the conduct of the trial and shall supersede all prior pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

The joint pretrial statement shall be in the following form:

A. <u>Basis of jurisdiction</u>. (including a statement whether this matter is core or noncore). If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final orders pursuant to 28 U.S.C. § 157(c)(2). If the matter is core, the parties shall state whether they consent to the Court's entry of final orders or judgment. If the parties disagree, they shall each cite to relevant authority to support their positions.

B. <u>Statement of uncontested facts</u>. Uncontested facts shall be set forth in plain, concise and chronological fashion.

C. <u>Statement of facts which are in dispute</u>. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility or admissibility grounds.

D. <u>Legal Issues</u>: The constitutional, statutory, regulatory, and decisional authorities relied upon shall be set forth in plain, concise, and chronological fashion. (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue).

E. <u>Witnesses</u>: The Witness List should include a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expects to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

F. <u>Exhibits:</u> The Exhibits to be offered into evidence shall be serially numbered and physically marked before trial in accordance with the schedule. Documents which a party MAY offer if the need arises shall be separately identified.

G. <u>Motion(s) In Limine</u>: The parties shall identify any Motions In Limine that they believe need to be resolved prior to trial. The nature of the issue shall be described in sufficient detail to facilitate a discussion of the issue(s) at the final pretrial/settlement conference and to permit the Court to issue an appropriate scheduling order, if necessary, for the filing and resolution of such Motion(s).

H. <u>Discovery Submissions</u>: The parties shall provide a list of each discovery item and trial deposition to be offered into evidence. (Counsel shall designate by page the portion of deposition testimony and by number the interrogatories that shall be offered in evidence at trial).

I. <u>Estimated Trial Duration</u>: The parties shall each provide their best estimate of the time required to try each respective portion of the case.

J.  <u>Settlement</u>: The parties shall include a certification that they have attempted good faith settlement discussions without success.

K.  <u>Special Considerations</u>: The parties shall identify any special considerations which may impact the efficient administration of the case (i.e., witness availability, electronic presentations, disabilities or hardships)

## IV. TRIAL READINESS

**A MANDATORY FINAL PRETRIAL CONFERENCE SHALL BE HELD ON <u>JUNE 30, 2022 AT 11:00 AM</u> WITH THE TRIAL DATE TO COMMENCE ON <u>JULY 26, 2022 AT 10:00 AM.</u>**

Each party may file, no later than seven (7) days prior to the date of trial, a trial memorandum with service on the opposing party(ies) and a courtesy copy delivered to Chambers.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated at West Hartford, Connecticut, this 15th day of July, 2021.

> BONNIE C. MANGAN,
> CHAPTER 7 TRUSTEE OF
> INTEGRITY GRAPHICS, INC.
>
> By: /s/ David C. Shufrin
> David C. Shufrin, Esq. [ct29230]
> SHUFRIN LAW GROUP
> 21 Frelma Drive
> Trumbull, CT 06611
> Tel: 203-307-5001
> David@Shufrinlaw.com

JOSEPH LAVALLA

By: /s/ Jon P. Newton
Jon P. Newton
REID AND RIEGE PC
One Financial Plaza
Hartford, CT 06103
(860) 278-1150
Email: jnewton@reidandriege.com
His Attorneys

PEOPLES UNITED BANK, N.A.
By: /s/ Scott D Rosen
COHN BIRNBAUM & SHEA
P.C. 100 Pearl Street, 12th Floor
Hartford, CT 06103
Tel. 860-493-2200
Fax. 860-727-0361
Email: srosen@cbshealaw.com Its
Attorneys

GHP MEDIA, INC.

By: /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver &
Miltenberger, LLC
495 Orange St.
New Haven, CT 06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com

Dated at Hartford, Connecticut this 19th day of July, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut